Filed 5/6/22  P. v. Wright CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JAMES LEE WRIGHT,<br><br>　　　Defendant and Appellant. | A158724<br><br><br>(Contra Costa County<br>Super. Ct. No. 05-181301-3) |

　　　This is an appeal from a final judgment following a jury trial that convicted defendant James Lee Wright of taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)).  Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which he raises no issue for appeal and asks this court for an independent review of the record.  Defendant has not exercised his right to file a supplemental brief.  Having independently reviewed the record, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　In 2018, the Contra Costa County District Attorney filed an information charging defendant with one count of driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)) and one count of receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a)).  As to both counts, it was alleged that pursuant to Penal Code section 666.5, defendant had multiple prior convictions for driving or taking a vehicle without consent and a prior

1

conviction for receiving a stolen motor vehicle. The information further alleged that defendant had served three prior prison terms for felony convictions and that the new offenses amounted to probation violations in two other cases.

The charges stem from a vehicle theft on May 15, 2018. Chris R. reported his Acura missing from the Warm Springs BART station, where he parked it earlier that day. The next day, while on assignment to a vehicle theft task force, Sergeant Zachary Blume of the Pinole Police Department went to defendant's address and found Chris R.'s Acura parked across the street. Sergeant Blume had the Acura towed. He also located two surveillance cameras mounted on a neighbor's house, one of which pointed in the direction where the Acura was parked. Sergeant Blume and another officer reviewed and collected the footage from the cameras that showed defendant arriving in the Acura earlier that day, parking, and walking to his residence.

Defendant was arrested and interviewed by Sergeant Blume after the sergeant read defendant his rights and confirmed defendant understood them. The interview was recorded. Defendant admitted taking the Acura so he could make a scheduled court appearance but insisted he did not "intentionally do it to deprive anybody of their car or anything." Defendant agreed to write Chris R. an apology letter for stealing his car. Defendant wrote the apology letter and read it aloud to Sergeant Blume during the interview. In the letter, defendant stated, "I really do apologize for . . . me stealing your car. It was out of necessity . . . , which does not make it okay, but it still happened."

At trial, Chris R. testified that the day after he reported his car stolen, he was notified by the Pinole Police Department that his Acura was

2

recovered and was in a tow yard. When Chris R. picked up his car, his key did not quite work in the ignition, and an employee at the tow yard turned it on using a "screwdriver or something." Chris R. determined his Acura was worth in the lower range of $1,000 to $2,000 based on a search of the Blue Book and his maintenance of the vehicle. Chris R. did not recognize defendant; nor did he give him permission to take, drive, or possess his Acura.

During Sergeant Blume's testimony, the defendant's recorded interview and footage from the surveillance cameras were played for the jury. Defendant's apology letter was admitted into evidence. Sergeant Blume testified he was familiar with defendant based on a prior arrest after a traffic enforcement stop during which Sergeant Blume determined defendant was driving a stolen vehicle. At the time of the prior arrest, defendant stated the relevant Vehicle Code and Penal Code sections and said it could not be proved that he actually stole the vehicle. Defendant also boasted to Sergeant Blume about committing a large number of vehicle thefts.

The jury returned a guilty verdict for one felony count of unlawfully driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)).[1]

After the jury trial, the court held a separate bench trial on the prior conviction enhancements. The court found true three prior automobile theft convictions (Pen. Code, § 666.5) and all three prior prison term allegations (former Pen. Code, § 667.5, subd. (b)). The court imposed a six-year split sentence comprised of the enhanced middle term of three years for taking a

---

[1] During trial, the felony count for receiving a stolen motor vehicle (Pen. Code, § 496d, subd. (a)) was removed from the jury's consideration by the court and then later dismissed by the prosecution during the sentencing hearing.

3

vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5) plus consecutive one-year terms for each of the three prior prison term enhancements (former Pen. Code, § 667.5, subd. (b)). The court ordered defendant to serve three years in county jail and three years on mandatory supervision and stayed all fines and fees on ability to pay grounds. Defendant was awarded 476 days of presentence credits.

Defense counsel filed a late notice of appeal with this court, and we subsequently granted defendant's motion for constructive filing of his late notice of appeal. Appellate counsel was appointed, and he filed a motion for stay of appeal and limited remand for defendant to seek relief in the trial court under Senate Bill No. 136.[2] This court granted the motion, and on April 21, 2021, the trial court held a hearing and struck defendant's prison priors and deemed his sentence complete. The amended abstract of judgment states defendant's sentence as three years for taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5), which is deemed served in full, plus restitution fines and court assessments, all of which are stayed.

## DISCUSSION

Neither appointed counsel nor defendant has raised any issue for our review. Upon our own independent review of the record, we agree none exists. (*Wende, supra*, 25 Cal.3d 436.) The jury unanimously found

---

[2] Effective January 1, 2020, pursuant to Senate Bill No. 136, the one-year prior prison term enhancement set forth in former Penal Code section 667.5, subdivision (b) only applies to "each prior separate prison term" "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . ." (Stats. 2019, ch. 590, § 1.) Defendant was sentenced to three separate and consecutive one-year terms pursuant to former Penal Code section 667.5, subdivision (b) based on prior convictions that were not sexually violent offenses.

4

defendant guilty. The jury found true two special findings: that the defendant intended to permanently deprive the owner of his vehicle and that the vehicle was worth more than $950. The jury's findings are supported by the evidence produced at trial, including the testimony of Chris R. and Sergeant Blume, the defendant's recorded statement, and the surveillance video. The trial court properly exercised its discretion by admitting evidence of defendant's prior uncharged conduct—a 2016 arrest involving a stolen vehicle—to prove his intent. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 400, 402 [uncharged conduct sufficiently similar to the charged offense is admissible to prove defendant's intent], superseded in part by statute on another ground as stated in *People v. Britt* (2002) 104 Cal.App.4th 500, 505–506.)

The trial court sentenced defendant to the elevated middle term (three years) for felony car theft with a prior conviction for the same. The trial court also imposed one additional year in county jail for each prison prior, pursuant to former Penal Code section 667.5, which were later stricken. The defendant was awarded time credit during sentencing and resentencing. The trial court suspended payment of each of the fines and fees imposed in both sentences.

The trial court's decisions were proper. We find no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*Wende, supra*, 25 Cal.3d at pp. 440–441.)

## DISPOSITION

The judgment is affirmed.

5

 

                             _____

                             Jackson, P. J.

WE CONCUR:

_____

Simons, J.

_____

Needham, J.

A158724/*People v. Wright*